IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

City of Columbus, *et al.*,                       :

                       Plaintiffs      :      Civil Action 2:06-cv-677

    v.

                             :      Judge Holschuh

Hotels.com L.P, *et al.*,

                             :      Magistrate Judge Abel

                  Defendants

                             :

# Report and Recommendation

This matter is before the Magistrate Judge on defendants Hotels.com, L.P.,
Hotels.com GP, LLC, Hotwire, Inc., Cheap Tickets, Inc., Cendant Travel Distribution
Services Group, Inc., Expedia, Inc., Internetwork Publishing Corp. (d/b/a/
Lodging.com), Lowestfare.com, Inc., Maupintour Holding, LLC, Orbitz, Inc., Orbitz,
LLC., Priceline.com, Inc., Travelocity.com, L.P., Travelweb, LLC, Travelnow.com, Inc.'s
September 27, 2006 motion to change venue to the Northern District of Ohio, Western
Division (doc. 22). On January 4, 2007, the Magistrate held a hearing at which time the
parties gave oral arguments in support of their briefs.

**Arguments of the Parties.** Defendants argue that this action be transferred to
the Northern District of Ohio because a substantially similar action is pending, *City of
Findlay v. Hotels.com, L.P., et al.*, Case No. 3:05-cv-7443, which was filed on November
22, 2005. Defendants maintain that the complaints in the two actions are the same in all

1

material respects and advance essentially the same claims against the same set of defendants. Both this case and the *Findlay* case seek to certify a class. Defendants maintain that the Northern District of Ohio has already familiarized itself with the issues presented in this case and the applicable law, established a comprehensive case management plan, and narrowed the scope of the claims advanced by the putative class. As a result, defendants contend that in the interest of justice and avoidance of duplicative litigation, this case should be transferred to the Northern District.

Defendants further argue that plaintiff's choice of forum should be afforded less weight because they seek to represent a statewide class. Defendants contend that the relative docket congestion in the Northern District appears to be less than in this district. As of March 31, 2005, the Northern District of Ohio experienced a case load median time interval of 9.8 months from filing to disposition, and this Court experienced an average median time interval of 11.6 months.

Plaintiffs maintain that a change of venue will not serve the interests of justice or the convenience of the parties, and defendants cannot meet their burden under 28 U.S.C. § 1404(a). Plaintiffs argue that an analysis of the relevant factors demonstrates that venue in the Southern District of Ohio is proper. Plaintiffs maintain that a plaintiff's choice of forum should be given foremost consideration and rarely be disturbed. Plaintiffs distinguish this case from other class action cases where courts have not afforded great weight to the plaintiff's choice of forum. Here, plaintiffs reside in the forum. All proposed class member reside in the state, rather than being dispersed

across the country. Plaintiffs also argue that their claim for violation of the taxing ordinances of Dayton and Columbus weigh slightly in favor of the Southern District because it has previously examined the operation of ordinances of Dayton and Columbus on many occasions. The events giving rise to plaintiffs' claims occurred in the Southern District of Ohio, and it is likely that the documentation relating to tax revenues and the hotel rooms subject to the tax will be in the possession of the hotels. Although a substantial amount of documentation consists of the records of defendants, none of the defendants are located in either the Southern District or Northern District of Ohio. Plaintiffs anticipate that witnesses from various departments of the cities will testify, and the convenience of witnesses is considered a primary, if not the most important, factor when considering a motion to transfer venue.

Plaintiffs argue that the cases in the Northern District and the Southern District are similar, but they are not identical and judicial economy is not served by the transfer. Plaintiffs in the two cases make different claims, and the parties and taxing ordinances are different, and neither case is significantly advanced. Although plaintiffs believe that a class should and will be certified by the Court, at the present time the sole plaintiffs are the cities of Dayton and Columbus. Because defendants oppose class certification, plaintiffs contend that it is prudent to maintain venue in the Southern District.

**Discussion**.  The first-to-file rule is "a well established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop* 16 Fed. Appx. 433, 437

(6th Cir. 2001). "[W]hen actions involving *nearly* identical parties and issues have been

filed in two different district courts, 'the court in which the first suit was filed should

generally proceed to judgment.'" (emphasis added)  *Id.*  Quoting *In re Burley,* 738 F.2d

981, 988 (9th Cir.1984).  Application of the first-to-file rule is inappropriate in some

circumstances.[1]  These extraordinary circumstances include the presence of inequitable

---

[1]      As a threshold matter, it must first be determined that the action "could
have been brought in the transferee court."  *Sky Technology Partners, LLC v, Midwest
Research Institute*, 125 F. Supp. 2d 286, 291 (S.D. Ohio, 2000). 28 U.S.C. § 1391 is the
relevant United States Code section on venue.  In pertinent part it reads:

> (a) A civil action wherein jurisdiction is founded only on diversity of
> citizenship may, except as otherwise provided by law, be brought only in
> (1) a judicial district where any defendant resides, if all defendants
> reside in the same State. . . .
> ***
> (c) For purposes of venue under this chapter, a defendant that is a
> corporation shall be deemed to reside in any judicial district in which it
> is subject to personal jurisdiction at the time the action is commenced. In
> a State which has more than one judicial district and in which a
> defendant that is a corporation is subject to personal jurisdiction at the
> time an action is commenced, such corporation shall be deemed to reside
> in any district in that State within which its contacts would be sufficient
> to subject it to personal jurisdiction if that district were a separate State,
> and, if there is no such district, the corporation shall be deemed to reside
> in the district within which it has the most significant contacts.

"[I]f a corporate defendant is subject to personal jurisdiction in a judicial district, it is
deemed to reside there for purposes of venue."  *Centerville ALF, Inc. v. Balanced Care
Corp.*, 197 F. Supp.2d 1039, at 1048 (S.D.Ohio 2002); *see also Glasstech, Inc. v. TGL
Tempering Systems, Inc.*, 50 F. Supp.2d 722, at 728 (N.D. Ohio 1999) (holding the same).
In *City of Findlay v. Hotels.com, L.P., et al.*, Case No. 3:05-cv-7443 (N.D. Ohio),
defendants have proceeded with their case in the Northern District of Ohio and have
not argued that the Court lacks personal jurisdiction over them. Accordingly, if they are
within the personal jurisdiction of the Northern District, they reside there, and thus
venue in that District would be possible.

conduct, bad faith, anticipatory suits, and forum shopping. *Id.*

When two suits involving substantially the same parties and purpose have been filed, the first-to-file is properly applied. Plaintiffs maintains that the parties to the Northern District of  Ohio action are not substantially the same as this case for purposes of the first-filed rule. But "the same party and same issue is not an absolute requirement," and "[a] precise identity of parties is simply not required." *Plating Resources, Inc. v. UTI Corporation*, 47 F.Supp.2d 899, 903 (N.D. Ohio 1999).  Here, the two cases arise out of the same business practices of defendants, and the putative class in both cases is identical, although if the classes are not certified there will not be identity of the parties plaintiff.

In *Goehl v. Mellon Bank*, No. 92-2547, 1993 U.S. Dist. LEXIS 5339 (E.D. Pa. April 23, 1993), the court considered a similar motion to change venue. The court concluded that plaintiff's choice of forum was entitled to less weight because both cases were class actions and the class members were residents throughout the state. *Id.* at * 8. The court stated that the existence of ongoing litigation in the intended transferee district is a 'powerful reason' to grant a motion to transfer," and that "[b]y permitting two related cases which are filed initially in different districts to be consolidated, transfer plainly helps needless duplication of effort." *Id.* (Citations omitted.) The court further stated:

> [T]o allow two separate district courts in the same state to address almost identical causes of action involving identical issues in class actions whose members overlap, would be an inefficient use of judicial resources. Additionally, all parties will benefit from the elimination of duplicitous discovery if these cases are litigated in the same district.

*Id.* at *11. Accordingly, the application of the first-to-file rule is proper on this case, and the Magistrate Judge RECOMMENDS that defendants' September 27, 2006 motion to change venue to the Northern District of Ohio, Western Division (doc. 22) be GRANTED.

Because the first-to-file rule provides a separate and independent basis for transferring this case, the inquiry would typically end here. Because I am not the ultimate decision-maker, however, I will consider whether a transfer of venue pursuant to 28 U.S.C. § 1404(a) is appropriate. Section 1404(a) provides:

> For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The factors to be considered under §1404(a) are similar to those weighed by the courts in determining *forum non conveniens* motions; however, transfers may be granted "upon a lesser showing of inconvenience." *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).  The moving party has the burden of demonstrating that the case should be transferred to a different forum.[2] *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218

---

[2]  Many courts have held that defendant must demonstrate that the balance of convenience strongly favors transfer. *E.g., Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947); *Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 524 (1947); *Nicol v. Koscinski,* 188 F.2d 537, 537 (6th Cir. 1951); *United States v. Cinemark USA, Inc.,* 66 F.Supp.2d 881, 887-89 (N.D. Ohio 1999)(and cases cited therein*); United States v. The Boeing Company,* 1998 WL 54976 at *1 and *2 (S.D. Ohio January 21, 1998); *Hanning v. New England Mutual Life Insurance Company,* 710 F.Supp. 213, 214 (S.D. Ohio 1989). Recently, some courts have held that §1404(a) requires only that defendant demonstrate that the factors articulated in *Gulf Oil Corp* weigh in favor of transfer. *E.g., Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc.,* 138 F.R.D. 89, 92-93 (N.D. Ohio 1991); *Armco, Inc. v. Reliance National Insurance Company,* 1997 WL 311474 at *4

(2d Cir. 1978); *Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966); *Armco, Inc. v. Reliance National Insurance Company,* 1997 WL 311474 (S.D. Ohio W.D. May 30, 1997). A motion to transfer venue under 28 U.S.C. §1404(a) is not intended merely to shift the burden of proceeding. *Bacik v. Peek,* 888 F. Supp. 1405, 1415 (N.D. Ohio 1993); *AMF, Inc. v. Computer Automation, Inc.* 532 F. Supp. at 1345. It "provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack,* 376 U.S. 612, 645-46 (1964).

The first step is to determine whether this suit could have been brought in the proposed transferee forum. 28 U.S.C. §1404(a)(The district court "may transfer any civil action to any other district or division where it might have been brought."). *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *Martin v. Stokes,* 623 F.2d 469, 474 (6th

---

and *5 (S.D. Ohio 1997). The rationale for these cases is that *Gulf Oil, Koster,* and *Nicol* were decided using the common law doctrine of *forum non conveniens* that required dismissal of the complaint if the motion was granted. Since that could be a harsh result if plaintiff was unable to re-file before the statute of limitations ran, courts granted a defendant's motion to dismiss based on *forum non conveniens* only where the forum plaintiff chose was "'so completely inappropriate or inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else.'" *Norwood v. Kirkpatrick,* 349 U.S. 29, 31 (1995) quoting from *All States Freight v. Modarelli,* 196 F.2d 1010, 1011 (3d Cir. 1952). But the United States Supreme Court held in *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955) that §1404(a) did not just codify the common law doctrine of *forum non conveniens,* but also "permits courts to grant transfers upon a lesser showing of inconvenience." The rationale advanced for the requirement of a strong showing, that plaintiffs' forum shopping is part of the judicial system and defendants' forum shopping undermines the judicial system, *Cinemark USA, Inc.,* 66 F.Supp.2d at 889, is not a strong justification. Nonetheless, to the extent that the "strong presumption" cases are grounded in the idea that a movant ordinarily has the burden of proof and that a showing that merely shifts the burdens of litigating in a foreign forum from one party to the other is insufficient to cause a court to transfer venue, the rule seems sensible.

Cir. 1980); *PT United Can Company Ltd. v. Crown Cork & Seal Company, Inc.,* 138

F.3d 65, 74 (2d Cir. 1998); *Neff Athletic Lettering Co. v. Walters,* 524 F.Supp. 268, 271

(S.D. Ohio 1981).

Once defendant demonstrates that jurisdiction over the parties can be obtained

in the proposed transferee forum, the court must determine whether the private

interests of the litigants and the public's interest in the administration of justice favors

transfer. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-09 (1947).  The litigants' interests

include:

> the relative ease of access to sources of proof; availability of compulsory
> process for attendance of unwilling, and the cost of obtaining attendance
> of willing, witnesses; possibility of view of premises, if view would be
> appropriate to the action; and all other practical problems that make trial
> of a case easy, expeditious and inexpensive.

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947).  Public interests include docket

congestion; the burden of trial to a jurisdiction with no relation to the cause of action;

the value of holding trial in a community where the public affected live; and the

familiarity of the court with the controlling law.  330 U.S. at 508-09.  The Court must

make an "individualized, case-by-case consideration of convenience and fairness." *Van*

*Dusen v. Barrack,* 376 U.S. at 622.

Plaintiff's Choice of Forum.  What weight to give plaintiff's choice of forum is a

question that has produced considerable disagreement.  Clearly, plaintiff's choice of

forum is not by itself dispositive.  When proceeding under §1404(a), by definition

venue properly lies in the district where plaintiff filed suit and in the district defendant

champions. A court must look to all the factors identified by the statute and by the Supreme Court in *Gilbert* and not limit itself solely to a determination of whether the other factors outweigh plaintiff's choice of forum.

There is no one formulation that courts consistently follow when considering the weight to be given to a plaintiff's choice of forum. Wright, Miller & Cooper, *Federal Practice and Procedure: Civil* §3848 at n.4 ("The courts have developed a bewildering variety of formulations . . . ."). While plaintiff's choice of forum is a factor to be considered, *Norwood v. Kirkpatrick*, 349 U.S. at 32, there is a wide divergence of opinion as to how much weight to give plaintiff's choice of forum. See Wright & Miller, Fed. Prac. and Proc.: Civil §3848 n.4 through 16; 1 Moore's *Federal Practice*, ¶0.145[5] at 1616.

Judges of the Southern District of Ohio have held both that a plaintiff's choice of forum is "given considerable weight and the balance of convenience, considering all relevant factors, must be strongly in favor of a transfer before such will be granted," *Artisan Development v. Mountain State Development Corp.*, 402 F. Supp. 1312, 1314 (S.D. Ohio 1975); *United States v. The Boeing Company,* 1998 WL 54976 at *1 (S.D. Ohio January 21, 1998), and that a plaintiff's choice of forum is not given considerably greater weight than other factors. *Neff Athletic Lettering v. Walters,* 524 F. Supp. 268, 272 (S.D. Ohio 1981); *Mead Corp. v. Boldt,* 508 F. Supp. 193, 198 (S.D. Ohio 1981). This Court has held that "a trial court retains discretion to determine the weight to be given the plaintiff's choice of forum on a case-by-case basis." *Wendy's International, Inc. v.*

*Suburpia Submarine Sandwich Shops of Milwaukee, Inc.*, C-2-84-1243 (S.D. Ohio E.D. Oct. 11, 1985)(unreported op. at p. 7).

When the cause of action has little connection with the forum, plaintiff's choice of forum is entitled to no greater weight than any other factor. *See Mead Corp. v. Boldt*, 508 F. Supp. at 198 (transferred because none of the actionable conduct occurred in the forum selected by plaintiff and most of the witnesses were located in the transferee forum). I find that plaintiff's choice of forum in this case should be given less weight given that they seek to certify a state-wide class.

<u>Convenience of the Witnesses</u>. Courts normally give considerable weight to this factor. *E.g., Picker International, Inc. v. Travelers Indemnity Company,* 35 F. Supp.2d 570, 573 (N.D. Ohio 1998). However, the convenience of the witnesses does not weigh heavily in the balance when there are witnesses on both sides of the case who will be inconvenienced depending on which forum is selected. *Id.*; *AMF, Inc. v. Computer Automation, Inc.* 532 F. Supp. 1335, 1341 (S.D. Ohio 1982). While it is true that the plaintiffs' witnesses will be inconvenienced if this case is transferred, if the putative class is certified, certainly some of plaintiffs' witnesses would be inconvenienced if the venue is the Southern District.

<u>Location of Documents</u>. Since documents can normally be easily copied and, when they must be reviewed before copying that review is usually conducted by counsel, the location of documents is frequently only a minor consideration. *See United States v. Cinemark USA, Inc.,* 66 F. Supp. 2d 881, 890 (N.D. Ohio 1999); *AMF,*

10

*Inc. v. Computer Automation, Inc.* 532 F. Supp. at 1340 (holding that the amount of documents reviewed was irrelevant "since regardless of trial location, the same files and documents will have to be examined"). I find that this factor is of slight consideration. The location of the documents will be the same whether or not this case remains in the Southern District. Plaintiffs' counsel will not be further inconvenienced with respect to documents if defendants' motion is granted.

      <u>Relative Financial Strength of the Parties</u>.  The relative financial strength of the parties and their respective abilities to conduct the litigation in the original forum and the proposed transferee forum are factors relevant to a decision.  *AMF, Inc. v. Computer Automation, Inc.* 532 F. Supp. at 1344; *Galonis v. National Broadcasting Co., Inc.,* 498 F. Supp. 789, 793 (D.N.H. 1980); *Garrett v. Ruth Originals Corporation,* 456 F. Supp. 376, 385 (S.D. Ohio 1978); *AAMCO v. Bosemer,* 374 F. Supp. 754, 757 (E.D. Pa. 1974). Neither party addressed this factor.

      <u>Relative Docket Congestion</u>.  Relative docket congestion is a factor.  *Gulf Oil,* 330 U.S. at 508. As previously noted, as of March 31, 2005, the Northern District of Ohio experienced a case had median time interval of 9.8 months from filing to disposition, and this Court experienced an average median time interval of 11.6 months.

      <u>Familiarity with Controlling Law.</u> The familiarity of the judges in the competing forums with the controlling law is not a factor unless the law is "unclear, unsettled, or difficult." *AMF, Inc. v. Computer Automation, Inc., 523 F. Supp.* at 1346-48. Here, the Courts are equally competent decide the case based on the law  that governs this case.

Consideration of the factors, with particular attention to the interest in avoiding needless duplication of effort, suggest that transferring the case to the Northern District of Ohio is appropriate. Although none of the other factors weigh heavily on one side or the other, judicial economy tips the balance in favor of transfer.

**Conclusion.** For the reasons stated above, Magistrate Judge RECOMMENDS that defendants' September 27, 2006 motion to change venue to the Northern District of Ohio, Western Division (doc. 22) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/ Mark R. Abel
United States Magistrate Judge
